# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Bankr. Case No.: 19-36611-KLP |
| PATRICIA DENISE DALEY BROWN, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| PATRICIA BROWN, ) | Adv. Proc. No.:  24-03003 |
| ) | |
| Plaintiff, ) | |
| v. ) | Judge Kevin L. Phillips |
| ) | |
| NAVIENT PRIVATE STUDENT LOAN ) | |
| TRUST, and NATIONAL COLLEGIATE ) | |
| STUDENT LOAN TRUST 2004-2, ) | |
| 2005-3, and 2006-3, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATION IN SETTLEMENT OF ADVERSARY COMPLAINT

Plaintiff, Patricia Brown ("Plaintiff"), and Defendant, Navient Solutions, LLC ("NSL"), on behalf of itself and named Defendant "Navient Private Student Loan Trust," by and through their undersigned counsel, hereby stipulate as follows:

1.　On December 20, 2019, the Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. A discharge of eligible debts was entered on April 20, 2020.

---

Johnie R. Muncy, Esquire, Bar No. 73248
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

D. Carol Sasser, Esquire, Bar No. 28422
596 Lynnhaven Parkway Suite 200
Virginia Beach, VA  23452
Samuel I. White, P.C.
Tel.: (757) 490-9284
Fax: (757) 490-8143
Attorneys for Navient Solutions, LLC

2. On February 14, 2024, the Plaintiff filed a Complaint naming NSL, *inter alia*, as a Defendant, seeking a discharge of educational loan debt under 11 U.S.C. §523(a)(8).

3. On March 15, 2024, NSL timely filed its Answer to the Plaintiff's Complaint.

4. The Plaintiff is indebted to NSL pursuant to the applicable terms of one (1) Chase Select Student Loan, with a balance, including principal, interest and fees, totaling $35,657.98 as of the date this Adversary Proceeding was filed. This loan was disbursed on or about October 29, 2008.

5. As of the date of the filing of this adversary proceeding, there was a balance due and owing under the Promissory Notes, including principal and interest, in the aggregate amount of approximately $35,657.98 ("Outstanding Balance"), with a variable interest rate, and with interest accruing thereafter pursuant to the Promissory Notes.

6. The Outstanding Balance is currently due and owing on the Promissory Note and the Student Loan evidenced by the Promissory Note is a non-dischargeable educational loan, pursuant to 11 U.S.C. §523(a)(8).

7. For so long as the Plaintiff does not default under this Stipulation, the Outstanding Balance shall be reduced to $19,000.00 ("Reduced Balance"), and the variable interest rates shall be reduced to a fixed rate of 2% ("Reduced Interest"), and the Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $122.27 per month for a period of one hundred and eighty (180) consecutive months. The first monthly payment is due to be received by NSL on or before September 14, 2024, with subsequent payments to be received on or before the fourteenth (14th) day of each month thereafter.

8. All payments pursuant to this Stipulation shall note the Plaintiff's ten-digit account number, ******1127 (redacted here for privacy reasons) on the payment, and shall be mailed to,

"**Navient Solutions, LLC, P.O. Box 9000, Wilkes-Barre, PA 18773-9000**," or to any other address provided to the Plaintiff by NSL in writing.

9.     The following shall be Events of Default hereunder: (a) the Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date without securing NSL's agreement to a forbearance of such payment(s); or (b) the Plaintiff commences any further legal proceedings against NSL, their predecessors, successors or assigns, and any of their other affiliates, parent companies, subsidiaries, and related or interested firms and corporations, seeking to discharge debt.

10.    Upon the occurrence of an Event of Default under this Stipulation, pursuant to Paragraph 9 of this Stipulation, any forgiveness of the principal and interest on the Outstanding Balance is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance, as referenced in paragraph 5 above, plus interest pursuant to the applicable terms of the Promissory Notes for the Plaintiff's Student Loan (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

11.    There is no penalty for prepayment under this Stipulation, but any prepayment, unless it is payment in full, does not relieve the Plaintiff of the obligation to make ongoing monthly payments.

12.    In the event the Plaintiff, pursuant to applicable NSL policy and the terms of the Promissory Note, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

13. Should any issues arise, related to billing or repayment of the loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to the loan subject to this agreement are not in accordance with this Stipulation, the Plaintiff agrees that such issues should be directed to a Supervisor or Manager in NSL's Bankruptcy Litigation Unit, (as of this writing, Ms. Petra Shipman), who may be reached at 1-800-251-4127, or to any other telephone number provided by NSL in writing, or in response to a specific borrower inquiry. The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

14. Except as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

15. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

16. The parties agree that this Stipulation may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation.

17. Upon approval of this Stipulation, the parties agree to the dismissal of the instant adversary proceeding, subject to the terms of this Stipulation.

*[this space intentionally left blank]*

WHEREFORE, the parties hereto pray this Honorable Court for an Order approving this Stipulation and dismissing the instant adversary proceeding.

Respectfully submitted,

By:    */s/***Stanley Tate**_____     Dated: 8/9/2024
       Stanley Tate, Esquire
       222 S Meramec Ave
       Suite 202-1096
       St Louis MO 63105
       Attorneys for the Plaintiff

By:    */s/***Jason M. Krumbein**\_\_\_\_\_     Dated: 8/8/2024
       Jason M. Krumbein, Esquire
       Krumbein Consumer Legal Services, Inc.
       1650 Willow Lawn Drive
       Suite 201
       Richmond, VA 23230
       Attorneys for the Plaintiff

By:    */s/***JOHNIE R. MUNCY**_____     Dated: 8/12/2024
       Johnie R. Muncy, Esquire, Bar No. 73248
       1804 Staples Mill Road, Suite 200
       Richmond, VA 23230

       D. Carol Sasser, Esquire, Bar No. 28422
       596 Lynnhaven Parkway Suite 200
       Virginia Beach, VA 23452
       Samuel I. White, P.C.
       Tel.: (757) 490-9284
       Fax: (757) 490-8143
       Attorneys for Navient Solutions, LLC